UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
UNITED STATES OF AMERICA,              :
           :      12-CR-445-14 (JMF)
    -v-             :
           :      MEMORANDUM OPINION
BRYAN CUMMINGS,              :      AND ORDER
           :
         Defendant.            :
           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Bryan Cummings, who has a little more than one month remaining on a six-month sentence for violating the terms of his supervised release, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 803 ("Motion"). Under the compassionate release statute, the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Court finds that all of these requirements are met.

      First, as many courts have concluded, the threat of COVID-19 to those in prison constitutes an extraordinary and compelling reason for compassionate release. *See, e.g.*, *United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020). Second, release is consistent with the Section 3553(a) factors and applicable policy statements.

---

[1]     The statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which — as the Government appears to concede — has been satisfied here because thirty days have passed since Cummings submitted a request for compassionate release to jail officials. *See* Motion 2-3; Opp'n 4.

1

When the Court sentenced Cummings on February 9, 2020, it noted that it was "'torn' because on one hand the Court did not want to disrupt positive aspects of the defendant's life such as his employment and family," but on the other hand, "the defendant's numerous arrests reflected a 'dreadful record of supervised release.'"  ECF No. 805 ("Opp'n"), at 3 (quoting ECF No. 789 ("Sent. Tr."), at 16-17).  In imposing the six-month sentence with no supervised release to follow, the Court did so "with the hope that Mr. Cummings gets the message [and] understands the gravity of these situations . . . [so] that he does not commit any further violations of law that would land him in any court, let alone here."  *Id*. (quoting Sent. Tr. 17-18).  Accordingly, at the time, the Court's sentence was sufficient, but no greater than necessary, to achieve the purposes of sentencing, "including the need to afford adequate deterrence to the defendant and to others and to protect the public from further crimes of the defendant."  Sent. Tr. 18.

The balance weighs differently in the current circumstances.  For one thing, the conditions of Cummings's confinement — which have included varying degrees of lock downs, *see* Opp'n 6-7 — have been far harsher than the Court had reason to believe they would be when imposing a six-month sentence.  Additionally, "[d]ue to the COVID-19 pandemic, the 'history and characteristics of the defendant'" and "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . and to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a), now weigh heavily in favor of Cummings's release, given the health risk that continued incarceration poses to him.  *See Pena*, 2020 WL 2301199, at *4.  At the time of the February 9th sentencing, the Court had no way of knowing how severe the COVID-19 pandemic would be or how it would affect the prison population.  Had the Court known then what it knows now, it would not have ordered Cummings's confinement to a facility where he is indisputably at a higher risk of contracting and dying from COVID-19 than if he were subject to

home confinement.  *See* Motion 5-6, 8.  That is to say, the Court did not intend to impose a possible death sentence for a non-violent violation of supervised release.

Cummings has already served most of his six-month sentence and is scheduled to be released on July 29, 2020.  *See* Motion 1; Opp'n 8.  Notably, Cummings has used the time to better himself by engaging in self-reflection, expressing remorse, avoiding violent behavior, and displaying a self-motivated commitment to improving himself (even though, for whatever reason, the jail's courses were not made available to him).  Motion 7.  Thus, "[t]he time he has served in [jail] has already achieved much of the original sentence's retributive, deterrent, and incapacitative purpose."  *Pena*, 2020 WL 2301199, at *4; *see also* Opp'n 8 (collecting cases).  The "need to afford adequate deterrence . . . to others," *see* Sent. Tr. 18, has also been addressed by the substantial time Cummings has served (not to mention the several months served with the grave risk of illness posed by COVID-19 to those in jail).  In short, taken together, the relevant considerations warrant compassionate release.

Accordingly, Cummings's motion is GRANTED.  More specifically, the Court orders that:

(1) Cummings's sentence of incarceration is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2) Cummings is ordered released from Bureau of Prisons custody, effective immediately;

(3) Upon his release, Cummings shall serve a period of supervised release to expire on July 29, 2020, subject to the conditions of supervised release set forth in the judgment dated September 15, 2014, *see* ECF No. 506, modified as follows:

   (a) Cummings shall serve his supervised release on home confinement, to be enforced by GPS monitoring, at the residence approved by the Probation Department;

   (b) Cummings is to report to the Probation Department at 500 Pearl Street, 6th Floor, New York, New York, at **10:00 a.m. fourteen days after his release** (during which time he is to self-quarantine at his approved residence), to have

       the GPS tracker affixed to his ankle;

    (c) While on home confinement, Cummings must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department; and

    (d) Cummings must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order. The Clerk of Court is directed to terminate ECF No. 803.

    SO ORDERED.

Dated: June 10, 2020
      New York, New York

                                                    JESSE M. FURMAN
                                                 United States District Judge